UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JORDAN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-02254-JRO-KMB |
| | ) | |
| ELI LILLY & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON DEFENDANT'S MOTION TO EXTEND FACT DISCOVERY DEADLINE AND COMPEL PLAINTIFF'S DEPOSITION

Pending before the Court is Defendant Eli Lilly & Company's ("Eli Lilly") Motion to Extend the Fact Discovery Deadline and to Compel Plaintiff's Deposition. [Dkt. 39.] *Pro se* Plaintiff Jordan Moore has not responded to Eli Lilly's pending Motion, and the time to do so has passed.

### I.   RELEVANT BACKGROUND

The Court briefly summarizes the events leading to Eli Lilly's pending Motion. After Mr. Moore's attorneys withdrew in September 2025, Mr. Moore began proceeding in this case *pro se*. [Dkt. 34.] The Court subsequently set a Telephonic Status Conference for November 3, 2025, which Mr. Moore failed to attend. [Dkt. 36.] Following that conference, the Court ordered Mr. Moore to show cause why he should not be sanctioned for his failure to appear and, in light of his *pro se* status, issued revised case management deadlines. [*Id.*] The Court ordered that all written discovery be served by December 15, 2025, and that all depositions be completed by January 15, 2026. [*Id.* at 3.] Mr. Moore responded to the show cause order, explaining that he did not receive notice of the status conference and stating he was still attempting to retain counsel. [Dkt. 37.] Accordingly, the Court discharged its previously issued show cause order. [Dkt. 38.]

The record reflects that Eli Lilly attempted on multiple occasions to communicate with Mr. Moore regarding discovery and to schedule his deposition. [Dkt. 39.] Counsel was unable to reach Mr. Moore for more than forty days. [*Id.*] On January 15, 2026—the deadline for completing depositions—Mr. Moore sent an email to Eli Lilly's counsel attaching his overdue settlement demand, generally asserting deficiencies in Eli Lilly's discovery responses, and stating that he would participate in a deposition only if certain conditions were met. [Dkt. 39-1.] Specifically, he demanded that the unidentified "B108 operators" who allegedly reported him for drug use be made available for deposition or that Eli Lilly provide statements from those individuals to the Court, and Mr. Moore indicated he would not otherwise sit for a deposition. [Dkt. 39-1 at 1.] That same day, Eli Lilly filed the present Motion, seeking an extension of the fact discovery deadline and an order compelling Mr. Moore's deposition. [Dkt. 39.]

As noted previously, Mr. Moore has not responded to the Motion, and the deadline to do so has passed. The Court construes Mr. Moore's failure to respond to Eli Lilly's Motion as an acknowledgement of the correctness of the arguments raised therein. *See Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) (finding that "failure to respond to an opposing party's argument implies concession"); *Law v. Medco Rsch. Inc.*, 113 F.3d 781, 787 (7th Cir. 1997) (explaining that "[f]ailure to contest a point is not necessarily a waiver, but it is a risky tactic, and sometimes fatal"); *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 832 (7th Cir. 2009) (interpreting "plaintiffs' silence in their response as acknowledgment"). Thus, the Court considers the assertions set forth in Eli Lilly's Motion to be undisputed.

## II.  APPLICABLE STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994)).  Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  The scope of relevance for discovery purposes is broader than the scope of relevancy used for trial evidence.  *West v. Wilco Life Ins. Co.*, 2023 WL 2917059, at *4 (S.D. Ind. Apr. 12, 2023) (citation omitted).  Once relevancy has been established, "the burden shifts to the objecting party to show why a particular discovery request is improper." *Id.* at *3 (citing *Bell v. Pension Comm. of ATH Holding Co., LLC*, 330 F.R.D. 517, 520 (S.D. Ind. 2018)).

Rule 30 governs depositions by oral examination and establishes the right for one party to depose the other.  Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court…").  Courts have broad discretion to decide discovery matters, including motions to compel depositions. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 679 (7th Cir. 2002).  "When a person refuses to make themselves available for a deposition, a party may move for an order compelling discovery." *Downing v. SMC Corp. of Am.*, 2022 WL 22881777 at *3 (S.D. Ind. Mar. 7, 2022). Fed. R. Civ. P. 37(a).

## II.     DISCUSSION

In this case, the deadline for serving discovery requests on another party was December 15, 2025, and the deadline for completing depositions was January 15, 2026. [Dkt. 36 at 2.] Because Eli Lilly moved the Court to extend the discovery deadline before it expired, the Court evaluates Eli Lilly's Motion under Federal Rule of Civil Procedure 16(b)(4), which provides that a "schedule may be modified only for good cause and with the judge's consent." A good cause determination "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

Eli Lilly asks the Court for a "brief extension of the current deadline to complete fact discovery . . . ." [Dkt. 39.] The Court finds that Eli Lilly has demonstrated good cause to extend the fact discovery deadline for the limited purpose of conducting Mr. Moore's deposition. The record reflects that Eli Lilly made repeated attempts to communicate with Mr. Moore and to schedule his deposition before the January 15, 2026, deadline but that it was unable to reach him for more than forty days because Mr. Moore was nonresponsive until the deadline. [Dkt. 39 at 2.] Eli Lilly has a right to depose Mr. Moore about the claims and allegations he makes in this case that he has chosen to bring against Eli Lilly, and his *pro se* status is not an excuse for noncompliance with deadlines or discovery obligations. *Strong v. Angels to Your Door Corp.*, 2024 WL 4441840, at *2 (S.D. Ind. Sept. 24, 2024).

Accordingly, the Court **GRANTS IN PART** Eli Lilly's Motion to the extent that it **ORDERS** Mr. Moore to work with counsel for Eli Lilly to schedule and complete his deposition **within 30 days** of the date of this Order. The Court warns Mr. Moore that if he does not cooperate in that scheduling or participate in the deposition in good faith, Eli Lilly may file a motion asking

the Court to issue sanctions against Mr. Moore, up to and including default judgment if appropriate. *See* Fed. R. Civ. Pro. 16(f); Fed. R. Civ. Pro. 37(b).

The Court **DENIES IN PART** Eli Lilly's request to the extent that it requests to more broadly extend the fact discovery deadline in this case. All written discovery was required to be served by December 15, 2025, and Eli Lilly has not identified any additional written discovery it was unable to pursue diligently within that timeframe. Likewise, Eli Lilly has not identified any additional depositions or non-party discovery it wishes to and could not pursue. Therefore, the Court finds that Eli Lilly has not shown good cause to extend the fact discovery deadline in any way other than as it relates to conducting Mr. Moore's deposition as ordered herein.

### III. CONCLUSION

For the reasons explained herein, Eli Lilly's Motion to Extend the Fact Discovery Deadline and to Compel Plaintiff's Deposition, [dkt. 39], is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** Eli Lilly's Motion to the extent that it **ORDERS** Mr. Moore to work with counsel for Eli Lilly to schedule and appear for deposition **within 30 days** of the date of this Order. The Court warns Mr. Moore that if he does not cooperate in that scheduling or participate in the deposition in good faith, Eli Lilly may promptly file a motion asking the Court to issue sanctions against Mr. Moore, up to and including default judgment if appropriate. *See* Fed. R. Civ. Pro. 16(f); Fed. R. Civ. Pro. 37(b). The Court **DENIES** Eli Lilly's Motion to the extent that it finds no basis to extend the fact discovery deadline more broadly. The Court *sua sponte* extends the dispositive motions deadline in this case to now be **May 5, 2026**.

**SO ORDERED.**

Date: 3/5/2026

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

JORDAN MOORE
907 Harvest Ridge Drive
Avon, IN 46123

Registered counsel of record via Court's CM/ECF System