UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JORDAN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-02254-JRO-KMB |
| | ) | |
| ELI LILLY & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER ON PENDING MOTIONS</u>**

Pending before the Court are three motions arising from ongoing discovery disputes between the Parties in this case: (1) *pro se* Plaintiff Jordan Moore's Motion to Remove Prior Counsel's Declaration that the Plaintiff was a Disabled Worker Under the Americans with Disabilities Act, [dkt. 42], which Defendant Eli Lilly and Company ("Lilly") does not oppose; (2) Lilly's Motion for Sanctions, [dkt. 44], to which Mr. Moore did not directly respond but instead addressed through his own motion; and (3) Mr. Moore's Motion to Dismiss all Proposed Claims for Sanctions and to Compel the Court for the Defendant to Produce a Witness List, [dkt. 47], which Lilly opposes in its reply brief in support of its Motion for Sanctions, [dkt. 48]. These motions are all now ripe and ready for the Court's rulings.

## I.    RELEVANT  BACKGROUND

Mr. Moore was represented by counsel in this case until September 2025, when the Court granted counsel's Motion to Withdraw following an *ex parte* status conference. [Dkts. 29; 34.] As a result, Mr. Moore began proceeding *pro se*. [Dkt. 34.] In granting counsel's Motion to Withdraw, the Court directed Mr. Moore to the *pro se* litigant resources available on the Court's website so

1

that he could familiarize himself with the rules all litigants in the Southern District of Indiana must follow. [*Id.*]

Following counsel's withdrawal, discovery disputes arose between the Parties. On January 15, 2026, Lilly filed a Motion to Extend Deadlines Regarding Fact Discovery and to Compel Plaintiff's Deposition. [Dkt. 39.] Lilly asserted that Mr. Moore refused to sit for his deposition unless certain conditions were met, including that the unidentified "B108 operators" who allegedly reported him for drug use be made available for deposition or that Eli Lilly provide statements from those individuals to the Court. [Dkt. 39-1 at 1.] On March 5, 2026, the Court granted Lilly's Motion to Compel in part and ordered Mr. Moore to work with Lilly's counsel to schedule and complete his deposition within thirty days. [Dkt. 43 at 4.] The Court also warned Mr. Moore that failure to cooperate in scheduling or participating in the deposition in good faith could result in sanctions, including dismissal of the case if appropriate. [*Id.* at 5.]

While Lilly's Motion to Compel remained pending, Mr. Moore filed the pending Motion to Remove Prior Counsel's Declaration that the Plaintiff was a Disabled Worker Under the Americans with Disabilities Act. [Dkt. 42.] In that Motion, Mr. Moore asserts that his former counsel improperly characterized him as "disabled" under the ADA and asks the Court to prohibit discovery into his medical history. [*Id.* at 1-2.] Specifically, Mr. Moore contends that his claims arise from alleged workplace discrimination and retaliation related to his approved medical leave, rather than from any alleged disability requiring workplace accommodations. [*Id.*] Therefore, Mr. Moore argues that Lilly improperly seeks his medical information in its discovery requests to Mr. Moore. [*Id.*] Mr. Moore also raises other discovery-related concerns, including his assertion that Lilly failed to provide certain witness information that he believes is necessary to pursue his claims. [*Id.* at 3-4.]

2

After the Court ordered Mr. Moore to sit for his deposition, Lilly filed its pending Motion for Sanctions and asserts that Mr. Moore has continued to refuse to participate in his deposition as ordered by the Court. [Dkts. 44; 45.] Lilly now requests that the Court impose sanctions consistent with its warning, including dismissing his claims with prejudice and ordering Mr. Moore to pay the fees and costs associated with Lilly's Motion. [Dkt. 45 at 6.]

Rather than file a response to Lilly's Motion for Sanctions, Mr. Moore filed his own Motion to Dismiss all Proposed Claims for Sanctions and to Compel the Court for the Defendant to Produce a Witness List. [Dkt. 47.] In that Motion, Mr. Moore asks the Court to deny Lilly's requested sanctions and to compel Lilly to provide a witness list identifying the individuals who allegedly accused him of drug use while employed as a B108 operator or alternatively asks the undersigned to recuse herself.[1] [*Id.* at 1-3.]

In response to Mr. Moore's Motion and in reply in support of its own Motion for Sanctions, Lilly reiterates that Mr. Moore cannot condition his participation in a deposition on Lilly providing additional discovery when the Court already ordered him to sit for a deposition. [Dkt. 48 at 2.] Lilly also asserts in response to Mr. Moore's request for a complete witness list that it has fully complied with its discovery obligations, including serving initial disclosures identifying individuals likely to have discoverable information and serving its preliminary witness and exhibit list more than a year ago. [*Id*.] Accordingly, Lilly argues that Mr. Moore already possesses the

---

[1] Mr. Moore alleges in his Motion that "United States Judge Kellie Bar [sic] has participated in a 2 versus 1 battle, in which it is apparent that she has sided with the defendant and has not compelled nor ordered the defendant to produce a witness list to myself the plaintiff, who is proceeding *pro se*." [Dkt. 47 at 2.] The only support Mr. Moore includes in support of this accusation is that the Court had not yet ruled on his Motion to Remove Prior Counsel's Declaration that the Plaintiff was a Disabled Worker. [*Id.*] In case Mr. Moore is not aware, each judge in this District is assigned a very large caseload, and all motions are handled in due course. The undersigned remains impartial in this case, and there is no basis recuse herself under 28 U.S.C. § 455 or any other applicable statute.

witness information he claims to seek.  Lilly further contends that, by failing to file a direct response to Lilly's Motion for Sanctions, Mr. Moore has waived any substantive opposition to the relief Lilly requests.  [*Id.*]  The Court rejects that argument from Lilly.  Because Mr. Moore substantively addressed many of Lilly's arguments in his own Motion, [dkt. 47], and because the Court prefers to resolve disputes on their merits where possible, the Court will not treat Lilly's Motion for Sanctions as unopposed and instead will address the merits of the Parties' disputes.

## II.    LEGAL STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, Federal Practice and Procedure § 2001, at 44-45 (2d ed. 1994)).  Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a district court to sanction a party that "fails to obey an order to provide or permit discovery, including an order under Rule 37(a)." Possible sanctions include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).  Rule 37(d)(3) also directs that in addition to these sanctions, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

An order of default judgment under Rule 37(b)(2)(A) requires a "clear record of delay or contumacious conduct" or a finding of "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011).  In assessing the appropriateness of default judgment as a discovery sanction, courts consider the disobedient party's conduct during discovery as a whole and whether less drastic sanctions would prove unavailing. *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014).  Ultimately, the court's sanctions under Rule 37(b)(2)(A) must be proportional to the disobedient party's conduct.  *Nelson v. Schultz*, 878 F.3d 236, 238-39 (7th Cir. 2017).

## III.    DISCUSSION

### A.    The Motions for Sanctions

The Parties' competing Motions regarding sanctions stem from a fundamental disagreement about discovery obligations and procedures.  Lilly argues that Mr. Moore violated the Court's Order issued on March 5, 2026, by refusing to participate in his deposition unless Lilly first provided additional witness information that Mr. Moore believes is necessary to pursue his claims.  [Dkts. 44; 45.]  Mr. Moore, in turn, contends that he cannot meaningfully participate in a deposition without first obtaining the identities of the individuals he believes accused him of drug

use while employed at Lilly, and asks the Court to compel the same information from Lilly.  [Dkt. 47.]

The Court agrees with Lilly that Mr. Moore was not permitted to condition his participation in a deposition on Lilly providing additional discovery, particularly after the Court expressly ordered Mr. Moore to sit for a deposition.  [Dkt. 43.]  Mr. Moore was required to cooperate with Lilly in scheduling and completing his deposition within the 30-day timeframe ordered by the Court, which he failed to do.  *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("[E]ven those who are *pro se* must follow court rules and directives.").  Mr. Moore's asserted lack of a "valid or accurate witness list" does not excuse that noncompliance because it has no bearing on Mr. Moore's ability to sit for a deposition and answer questions regarding facts personally known to him.  [Dkt. 47 at 3.]  Put another way, at a deposition, Lilly's attorney will ask Mr. Moore questions under oath, and if he does not know the answer to the question, he should state so in response.  To be clear, however, Mr. Moore's disagreement with Lilly's discovery responses did not relieve him of his obligation to comply with the Court's clear directive that he sit for a deposition within 30 days of the Court's Order.

Despite Mr. Moore's noncompliance, the Court declines to impose the severe sanction of default judgment that Lilly requests at this time.  *Rice v. City of Chi.*, 333 F. 3d 780, 786 (7th Cir. 2003) (holding the Court must use its dismissal power sparingly, as it is a "harsh sanction" which should "be employed as a last resort").  The Court believes that some of the present dispute arises from Mr. Moore's misunderstanding of the discovery process after his counsel withdrew representation, rather than willful bad faith or intentional disregard of the Court's authority.  The Court reminds Mr. Moore that, when his counsel withdrew, the Court directed him to resources for *pro se* litigants available on the Court's website, including materials explaining the discovery

process.  [Dkt. 34.]  Among those resources is the United States District Court Southern District of Indiana Guide to Manage Your Lawsuit After Filing.  *See* https://www.insd.uscourts.gov/representingyourself-united-states-district-court.  As explained in those materials, the Federal Rules of Civil Procedure provide several mechanisms through which parties may seek relevant information from one another during discovery, including written discovery such as interrogatories, requests for production and requests for admission, and through depositions.  *See* Fed. R. Civ. P. 26-36, 45.  If a party believes an opposing party has failed to adequately respond to discovery, objections are first directed to the opposing party, not to the Court.  Fed. R. Civ. P. 37(a)(1).  Only after the Parties have attempted in good faith to resolve the dispute may a party seek Court intervention through a motion to compel discovery.  *Id.*

Here, Lilly represents—and the docket confirms—that it served Rule 26(a) initial disclosures and a preliminary witness list identifying individuals likely to have discoverable information in this case.  [Dkts 22; 48 at 2.]  Given that Mr. Moore was represented by counsel at that time and is now proceeding *pro se*, the Court **ORDERS** Lilly to resend its initial disclosures and its preliminary witness list to Mr. Moore **no later than June 18, 2026**.  To the extent Mr. Moore seeks additional identifying information regarding specific individuals, he must comply with the proper discovery procedures set forth in the Federal Rules of Civil Procedure to get additional information.

Mr. Moore is again **ORDERED** to cooperate with Lilly in scheduling and completing his deposition **no later than June 25, 2026**.  Mr. Moore is advised that failure to comply with this Order, including by failing to schedule or participate in his deposition in good faith, will likely result in sanctions up to and including dismissal of this case.  To ensure the Parties have sufficient time to complete any remaining discovery after Mr. Moore's deposition, the Court *sua sponte*

**EXTENDS** the fact and liability discovery deadline **to July 24, 2026,** and **EXTENDS** the dispositive motions deadline **to August 24, 2026**. **It is unlikely that the Court will again extend these deadlines, absent extraordinary circumstances.**

Turning to Lilly's request for attorneys' fees in bringing its Motion for Sanctions, under Federal Rule of Civil Procedure 37(d)(3), "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Court concludes that Mr. Moore's opposition was not substantially justified and there are no circumstances present that make an award of expenses unjust. Thus, the Court agrees with Lilly that it is appropriate in this case to order Mr. Moore to pay Lilly the reasonable expenses, including attorney's fees, that it incurred in bringing its Motion for Sanctions. The Court **GRANTS** Lilly's request for reasonable attorneys' fees and costs incurred in bringing its Motion for Sanctions. Lilly **SHALL** file a motion for attorneys' fees and costs with supporting documentation **no later than June 18, 2026**. Mr. Moore may file a response to Lilly's anticipated motion within **fourteen (14) days of the motion being filed**, and Lilly may file a reply in support of its motion **within (7) days** of Mr. Moore's response. Mr. Moore's Motion to Dismiss all Proposed Claims for Sanctions and to Compel the Court for the Defendant to Produce a Witness List, [dkt. 47], is **DENIED**.

### B.    Mr. Moore's Motion Regarding ADA Claim

In his Motion to Remove Prior Counsel's Declaration that the Plaintiff Was A Disabled Worker Under the Americans With Disabilities Act, Mr. Moore asserts that his former attorney improperly characterized him as "disabled" under the ADA and objects to Lilly seeking extensive discovery related to his medical history. [Dkt. 42.] Mr. Moore's filing makes it clear that his claims against Lilly "are derived from workplace discrimination that includes racial

discrimination, and retaliation from management while being out on and returning from approved medical leaves through their third party examiner Sedgwick. When physically being at work and cleared from medical leaves, there were never job accommodations put in place by my doctors nor was I disabled to work." [*Id.*] Lilly did not respond to Mr. Moore's Motion, and the time to do so has passed.

Mr. Moore's Complaint in this case sets forth three counts containing legal claims:  1) Title VII – Race Discrimination (Count I); 2) ADA – Disability Discrimination (Count II); and 3) Title VII & ADA – Disability Retaliation (Count III).  [Dkt. 1.]  Mr. Moore's Motion appears to concede that he does not meet the legal definition of disability under the ADA such that he cannot succeed on the claims he brought pursuant to that statute.  If Mr. Moore would like to voluntarily dismiss the ADA claims in his case, he shall meet and confer with Lilly's counsel and then file a stipulation of dismissal with regard to those claims, which must be signed by all Parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  The Court cannot unilaterally dismiss those claims at this stage of the proceedings based on Mr. Moore's filing alone.  Accordingly, Mr. Moore's Motion to Remove Prior Counsel's Declaration that the Plaintiff was a Disabled Worker Under the Americans with Disabilities Act, [dkt. 42], is **DENIED**.  Given the representations made in Mr. Moore's filing, however, the Court encourages Lilly's counsel to promptly confer with him in good faith to reach agreement on narrowing the claims at issue in this litigation and then tailor its discovery accordingly.

## IV.    CONCLUSION

For the reasons stated herein, Lilly's Motion for Sanctions, [dkt. 44], is **GRANTED IN PART** and **DENIED IN PART**.  The Court **DENIES** Lilly's request to dismiss Mr. Moore's claims or enter default judgment at this time and **GRANTS** Lilly's request for reasonable attorneys' fees

and costs incurred in bringing its Motion for Sanctions.  Lilly **SHALL** file a motion for attorneys' fees and costs with supporting documentation **no later than June 18, 2026**.  Mr. Moore may file a response to Lilly's anticipated motion within **fourteen (14) days of the motion being filed**, and Lilly may file a reply in support of its motion **within (7) days** of Mr. Moore's response.

Given that Mr. Moore was represented by counsel at that time and is now proceeding *pro se*, the Court **ORDERS** Lilly to resend its initial disclosures and its preliminary witness list to Mr. Moore **no later than June 18, 2026**.  To the extent Mr. Moore seeks additional identifying information regarding specific individuals, he must comply with the proper discovery procedures set forth in the Federal Rules of Civil Procedure to get additional information.

Mr. Moore is again **ORDERED** to cooperate with Lilly in scheduling and completing his deposition **no later than June 25, 2026**.  Mr. Moore is advised that failure to comply with this Order, including by failing to schedule or participate in his deposition in good faith, will likely result in sanctions up to and including dismissal of this case.

To ensure the Parties have sufficient time to complete any remaining discovery after Mr. Moore's deposition, the Court *sua sponte* **EXTENDS** the fact and liability discovery deadline **to July 24, 2026,** and **EXTENDS** the dispositive motions deadline **to August 24, 2026**.  **It is unlikely that the Court will again extend these deadlines, absent extraordinary circumstances.**

Mr. Moore's Motion to Dismiss all Proposed Claims for Sanctions and to Compel the Court for the Defendant to Produce a Witness List, [dkt. 47], is **DENIED**.  Mr. Moore's Motion to Remove Prior Counsel's Declaration that the Plaintiff was a Disabled Worker Under the Americans with Disabilities Act, [dkt. 42], is likewise **DENIED**.  If Mr. Moore would like to voluntarily dismiss the ADA claims in his case, he shall meet and confer with Lilly's counsel and then file a stipulation of dismissal signed by all Parties regarding those claims pursuant to Federal Rule of

Civil Procedure 41(a)(1)(A)(ii).  The Court cannot unilaterally dismiss those claims at this stage of the proceedings based on Mr. Moore's Motion alone.  Given the representations made in Mr. Moore's filing, however, the Court encourages Lilly's counsel to promptly confer with him in good faith to reach agreement on narrowing the claims at issue in this litigation and then tailor its discovery accordingly.

**SO ORDERED.**

Date: 6/4/2026

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

JORDAN MOORE
907 Harvest Ridge Drive
Avon, IN 46123

Registered counsel of record via Court's CM/ECF System